## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

PERRY K. THOMAS,

                    Plaintiff,

        v.

CAROLYN W. COLVIN
Acting Commissioner of Social Security,

                    Defendant.

Case No. 3:13-cv-00126-TMB

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR ATTORNEY
FEE PURSUANT TO 42 U.S.C. § 406(b)

## I.      INTRODUCTION

Plaintiff Perry K. Thomas, through his attorney Robert A. Friedman of Robert A. Friedman and Associates, P.S., moves the Court to authorize $19,394 in fees under 42 U.S.C. § 406(b).[1] Defendant Carolyn W. Colvin does not object to this motion.[2] For the reasons that follow, Thomas's unopposed Motion for Authorization of Attorney Fee at docket 24 is **GRANTED**.

## II.      BACKGROUND

Thomas initiated this action on July 8, 2013, seeking reversal and remand of Defendant's decision denying his claim for Disability Insurance Benefits and Supplemental Security Income ("SSI") Benefits.[3] The parties are familiar with the facts of the case, and the Court will not recite them here. On August 27, 2014, this Court remanded Thomas's case to the Administrative Law

---

[1] Dkt. 24; *see also* Dkt. 25 (supporting affidavit).

[2] Dkt. 26 (indicating motion unopposed); D.Ak. L.R. 7.1(e)(1) (providing an unopposed motion "is well taken").

[3] Dkt. 1.

Judge ("ALJ") for further consideration, finding that Defendant's decision denying his disability and SSI benefits was not supported by substantial evidence.[4] On January 28, 2015, this Court granted Thomas's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA")[5] and awarded $6,950.63 in attorney's fees.[6] On remand, the ALJ determined that Thomas was disabled with a disability onset date of December 9, 2009.[7] On July 4, 2016, the Social Security Administration sent Thomas a Notice of Award entitling him to $77,576 in past-due benefits.[8] Thomas, through his attorney, now moves for a fee award of $19,394 pursuant to 42 U.S.C. § 406(b).[9] Defendant "has given substantive consideration to the merits of Plaintiff's request and found no basis to object. . . . and will defer to the Court's assessment of the matter."[10]

### III.   DISCUSSION

#### A.  42 U.S.C. § 406(b) Award

42 U.S.C. § 406 pertains to the representation of claimants before the Commissioner of Social Security. Section 406(b) provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .[11]

---

[4]  Dkt. 17 at 2.

[5]  28 U.S.C. § 2412.

[6]  Dkt. 23.

[7]  Dkt. 24-2 at 2; Dkt. 25 at 2.

[8]  Dkt. 24-2; Dkt. 25 at 1.

[9]  Dkt. 24; Dkt. 25.

[10]  Dkt. 26 at 1–2.

[11]  42 U.S.C. § 406(b)(1)(A).

The United States Supreme Court has interpreted this language to permit contingent-fee agreements of up to twenty-five percent of past-due benefits,[12] and instructs lower courts to "review for reasonableness fees yielded by those agreements."[13] "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established."[14] The Ninth Circuit provides the following guidance in determining the reasonableness of the requested fee: "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall."[15] If the court determines that the fee is not reasonable and departs from the terms of the contingent-fee agreement, it should state for the record why the deductions are being made.[16]

In the present case, Thomas has entered into a contingent-fee agreement with his attorney, in which Friedman's compensation would be twenty-five percent of the past-due benefits awarded to Thomas if successful on the disability/SSI claim.[17] As the Supreme Court noted in *Gisbrecht*, such contingent-fee agreements are the "most common fee arrangement between attorneys and Social Security claimants."[18] Thomas ultimately prevailed and was

---

[12] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

[13] *Id.* at 809.

[14] *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

[15] *Id.* at 1151.

[16] *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

[17] *See* Dkt. 24-3.

[18] 535 U.S. at 800.

awarded $77,576 in past-due benefits. As the contingent-fee agreement between Thomas and Friedman falls within the statutory ceiling provided by 42 U.S.C. § 406(b), the Court next evaluates the reasonableness of the fee sought by Friedman for the services rendered in this case.

There is no indication that Friedman provided substandard representation or delayed the case in any way. Additionally, the fee award of $19,394 is not an unreasonable windfall considering the 36 hours of attorney time and 2.6 hours of paralegal time invested in the case, the monetary risk involved to Friedman if he did not prevail on behalf of his client, and the generally recognized social policy of permitting contingent fees in disability cases where claimants would not otherwise have the means to access legal representation.[19] The Court determines that the authorization for fee award of $19,394 sought under 42 U.S.C. § 406(b) is reasonable in this case.

### B. Equal Access to Justice Award

The Court previously awarded $6,950.63 to Friedman under the EAJA for his representation in this case.[20] Friedman requests that the Court direct him to refund this amount to Thomas.[21] Unlike fee awards under 42 U.S.C. § 406(b), "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate."[22] The Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in

---

[19] *Id.* at 805–06.

[20] Dkt. 23.

[21] *See* Dkt. 24-1.

[22] *Id.* at 796.

this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"[23] Accordingly, Friedman shall pay the amount of the EAJA award, $6,950.63, to Thomas.

## IV.    CONCLUSION

For the abovementioned reasons, Plaintiff's Motion for Authorization of Attorney Fee Pursuant to 42 U.S.C. § 406(b) at docket 24 is **GRANTED**. The Court awards the requested $19,394 in attorney's fees pursuant to 42 U.S.C. § 406(b). Thomas's counsel, Robert A. Friedman, is directed to pay Thomas the amount of $6,950.63, the attorney's fee the Defendant paid him under the Equal Access to Justice Act.[24]

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 4th day of January, 2017.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS, CHIEF
UNITED STATES DISTRICT JUDGE

---

[23] *Id.* (*quoting* Act of Aug. 5, 1985, Pub. L. 99-80 § 3, 99 Stat. 186).

[24] 28 U.S.C. § 2412; Dkt. 23.